IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COURT OF COMMON PLEAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-446-GMS |
| | ) | Court of Common Pleas Crim. No. MN10024107 |
| ALEXANDRA KELLY, | ) | Case No. 1002003444 |
| | ) | Complaint No. 3510000527 |
| Defendant. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

On May 28, 2010, the plaintiff, Alexandra Kelly ("Kelly"), filed a notice of removal

from the Delaware Court of Common Pleas. (D.I. 2.) She appears *pro se* and seeks leave to

proceed *in forma pauperis* and an emergency stay of her criminal case in State Court. For the

reasons discussed below, the court will grant the motion for leave to proceed in forma pauperis,

will deny the motion to stay, and will summarily remand the case to the Delaware Court of

Common Pleas.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Kelly filed a pleading on a standard 42 U.S.C. § 1983 form obtained from this court's

Clerk's Office, but it is evident in reading the pleading and her motion to stay that she is

removing a Delaware criminal case to this court.[1] (D.I. 2, 4.) Kelly was charged with third

degree assault and the notice of removal states that she is being discriminated against on the basis

of race. She seeks a federal investigation of the Elsmere Police Department. Exhibits attached to

the notice of removal include a summons for appearance at a motion hearing on May 28, 2010, in

---

[1]For the most part, the complaint is written in Spanish.

the Delaware Court of Common Pleas; a docket sheet that indicates Kelly was arraigned on March 12, 2010, and that the case is set for a non-jury trial on June 7, 2010; an initial crime report; and correspondence from Kelly's assistant public defender. (D.I. 2, exs.)

Kelly also seeks a stay of the criminal trial on the grounds that the State has not turned over video evidence. She needs the police department to produce video evidence from its vehicle, 911 telephone transcripts, and police station surveillance video. The motion to compel hearing was set for May 28, 2010, but it was dismissed because her attorney did not appear. Kelly states that she has no attorney, no evidence, no witnesses available, she is not ready for trial, and she needs an extension of time to complete discovery.

**III. STANDARD OF REVIEW.**

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

**IV. DISCUSSION**

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the

United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for ... equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

Kelly alleges that she is being discriminated against on the basis of race. Hence, although alleged very generally, the allegation may provide a basis for this court's proposed exercise of subject matter jurisdiction. Kelly must also show that she cannot enforce any asserted rights in state court. *In re Weddington*, No. 08-62, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The rights to which Kelly refers are her rights to an attorney, to call witnesses and to obtain discovery for her criminal case. These rights are certainly enforceable in state court. Indeed, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-20.

Finally, under 42 U.S.C. § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for

summary remand. Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time. Kelly was arraigned on March 12, 2010 and did not file the notice of removal until May 28, 2010. Hence, the notice is untimely. Additionally, the court does not find good cause for removal. From the exhibits and pleadings, it is evident Kelly's issues lie with her attorney, discovery, and a need for a trial continuance. For the above reasons, the court will summarily remand the case to State court.

With regard to Kelly's emergency motion stay the criminal proceedings, § 1446(c)(3) specifically provides that "the filing of a petition for removal of a criminal prosecution shall not prevent the state court in which the prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered until the petition is denied". As noted, Kelly's real desire is for a continuance of the criminal trial. Her remedy lies with the Delaware Court of Common Pleas by moving for said continuance. Accordingly, the court will deny the emergency motion to stay.

## V. CONCLUSION

For the above reasons the court will summarily remand the case to State court and will deny the motion to stay. Kelly's motion for leave to proceed *in forma pauperis* is granted. An appropriate order will be entered.

_____June 3_____, 2010
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COURT OF COMMON PLEAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-446-GMS |
| | ) | Court of Common Pleas Crim. No. MN10024107 |
| ALEXANDRA KELLY, | ) | Case No. 1002003444 |
| | ) | Complaint No. 3510000527 |
| Defendant. | ) | |

**ORDER**

At Wilmington this _3rd_ day of June, 2010, for the reasons set forth in the Memorandum issued this date;

1. The motion for leave to proceed *in forma pauperis* is **granted**. (D.I. 1.)

2. The emergency motion to stay is **denied**. (D.I. 4.)

3. The  case is **summarily remanded** to the Delaware Court of Common Pleas.

CHIEF, UNITED STATES DISTRICT JUDGE