IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDRA KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-446-GMS |
| | ) | |
| COURT OF COMMON PLEAS | ) | |
| CRIMINAL RULE 16, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

On May 28, 2010, the plaintiff, Alexandra Kelly ("Kelly"), who proceeds *pro se* and was granted leave to proceed *in forma pauperis*, filed pleadings construed by the court as a notice of removal of her pending criminal matter in the Delaware Court of Common Pleas, as well as an emergency motion to stay the criminal case. (D.I. 2, 4.) On June 3, 2010, the court denied the stay and summarily remanded the case to State Court. Kelly appealed. The United States Court of Appeals for the Third Circuit affirmed the June 3, 2010 order to the extent that it denied the motion to stay, but vacated the order to the extent that is construed the filings as a notice of removal, construed the filings as a complaint, and remanded the matter to this court for further proceedings. The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

### II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Kelly proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Kelly leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Kelly has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Kelly's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. The Pleadings

The main paragraph of Kelly's complaint is written in Spanish. (D.I. 10, ¶ 9.) There is no official English translation. In the appellate court's decision, an employee of the appellate

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

court translated the paragraph written in Spanish into English. *See Court of Common Pleas v. Kelly*, No. 10-2607, 2010 WL 802626, at *1 n.3 (3d Cir. Mar. 9, 2011) (slip op.). The appellate court considered a statement submitted by Kelly in support of her appeal that she wished to bring suit against the Elsmere Police Department on the basis of discrimination based upon her race. The appellate court found that Kelly's allegations arguably raise a civil rights claim, consistent with a notation in the civil cover sheet that circled "Other Civil Rights."[2] *See Id.* at 4. The complaint does not name the Elsmere Police Department as a defendant and does not seek relief from the Elsmere Police Department. It seeks injunctive relief in the form of federal investigation of the Elsmere Police Department.

**B. Spanish Pleading**

As discussed above, paragraph 9 of the complaint is written in Spanish. The national language of the United States is English. "Our laws are printed in English and our legislatures conduct their business in English. *Frontera v. Sindell*, 522 F.2d 1220, 1215 (6th Cir. 1975); *see also* 8 U.S.C. § 1423 (English language literacy general requirement as a condition to naturalization as a United States citizen). "It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002). Additionally, this court's local rules provide that English translations of evidence shall be included with filings. D. Del. LR7.1.3(d). Accordingly, Kelly shall provide the court with a certified English translation of her original complaint found at docket item 10.

---

[2]Kelly also marked "Freedom of Information Act", "Appeal of Fee Determination under Equal Access to Justice" and "Constitutionality of State Statutes."

4

### C. Eleventh Amendment Immunity

The complaint as it now stands names the Court of Common Pleas Criminal Rule 16 as a defendant and does not provide a statute under which Kelly proceeds. To the extent that Kelly directs her allegations against the Court of Common Pleas, presumably under 42 U.S.C. § 1983, she fails to assert an actionable claim because the Court of Common Pleas has sovereign immunity. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (not published) (allegations against the chancery court did not assert actionable claims because the chancery court has sovereign immunity).

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, *see Space Age Products, Inc. v. Gilliam*, 488 F.Supp. 775, 780 (D. Del. 1980), and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, the court will dismiss the Court of Common Pleas as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) as it is immune from suit. However, since it appears plausible that Kelly may be able to articulate a claim against alternative defendants, she will be given an opportunity to amend her pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Should Kelly opt to file an amended complaint it

5

shall be filed in the English language or, if it is filed in the Spanish language, Kelly shall provide a contemporaneous certified English translation of the amended complaint.

## IV. CONCLUSION

For the above reasons the court will dismiss the Court of Common Pleas Criminal Rule 16 as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B), and will give Kelly leave to amend the complaint. Kelly shall be required to provide certified English translations of her Spanish filings.

An appropriate order will be entered.

_April 25_, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDRA KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-446-GMS |
| | ) | |
| COURT OF COMMON PLEAS | ) | |
| CRIMINAL RULE 16, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this 25th day of April, 2011, for the reasons set forth in the Memorandum issued this date;

1. The plaintiff shall provide the court with a certified English translation of the complaint found at docket item 10 within thirty (days) from the date of this order.

2. The Court of Common Pleas Criminal Rule 16 is dismissed as a defendant as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is given leave to file an amended complaint. If an amended complaint is not filed within thirty (30) days, then the case will be closed. The amended complaint shall be in the English language or in Spanish with a contemporaneous certified English translation.

CHIEF, UNITED STATES DISTRICT JUDGE