IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEXANDRA KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 10-446-GMS |
| | ) | |
| COURT OF COMMON PLEAS | ) | |
| CRIMINAL RULE 16, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

On April 25, 2011, the court screened the complaint filed by the plaintiff, Alexandra Kelly ("Kelly"). (D.I. 12.) The court dismissed the defendant Court of Common Pleas Criminal Rule 16 as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B), and gave Kelly leave to amend the complaint. She was also ordered to provide the court with certified English translations of her Spanish filings. The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915. (D.I. 13.)

### II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Kelly proceeds *pro se*, her pleading is

liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Kelly leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at

1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Kelly has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Kelly's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Amended Complaint

Kelly's amended complaint is identical to her original complaint, except that she has filed a translation of paragraph 9. (D.I. 13.) Kelly did not formally name a defendant, but liberally construing her complaint, she sues the Elsmere Police Department and alleges race discrimination.

Kelly alleges that she was brutally beaten by the Elsmere police while on the way to the hospital, the police department filed charges of assault against her, and would not provide her

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

with discovery. Attachments to the amended complaint indicate that the State dismissed the charges and the criminal records were expunged. Kelly seeks injunctive relief in the form of federal investigation of the Elsmere Police Department.[2]

## B. Municipality Liability

Kelly asserts what appears to be a 42 U.S.C. § 1983 claim against the Elsmere Police Department.[3] The Supreme Court has held that a suit under § 1983 may not be maintained against a local government for an injury inflicted by its employees. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* This rule also applies to police departments. *Couden v. Duffy*, 446 F.3d 483, 499-500 (3d Cir. 2006) (citing *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000)); *McCullah v. Gadert*, 344 F.3d 655, 662 (7th Cir. 2003).

Kelly has alleged no facts to support a claim that policies or customs of the municipal defendant caused the injuries she alleges. *Couden v. Duffy*, 446 F.3d 483, 499-500 (3d Cir. 2006). Absent any allegation that a custom or policy directly caused harm to Kelly, her § 1983 claim cannot stand.

The claim against the Elsmere Police Department is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, since it appears plausible that Kelly may be

---

[2] Kelly has filed numerous exhibits regarding an order of protection that she sought in State court. (D.I. 14, 18.) The exhibits are not relevant to her amended complaint and are not considered by the court.

[3] A police department is not a "person" subject to suit under the statute, and a local government entity "cannot be held liable solely because it employs a tortfeasor." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978)

4

able to articulate a claim against alternative defendants, she will be given one final opportunity to amend her pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). Should Kelly opt to file an amended complaint it shall be filed in the English language or, if it is filed in the Spanish language, Kelly shall provide a contemporaneous certified English translation of the amended complaint.

## IV. CONCLUSION

For the above reasons the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and will give Kelly one final opportunity to amend the complaint.

An appropriate order will be entered.

June 20, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE